## MICHAEL KEELEY

*v.*

## LAWRENCE O'BRIEN, Administrator, etc.

1. NEW TRIAL—*on ground of surprise.* Where a cause was tried in its regular order when reached on the call of the docket, the defendant and his attorneys not being present, and the affidavits of the defendant failed to show the exercise of proper diligence, or that he had a valid defense to the merits, and on the question of surprise, and whether counsel for the defendant were misled by assurances of counsel for the plaintiff, the evidence was conflicting: *Held,* that the court below did not err in refusing to grant a new trial.

2. PARTNERSHIP—*sufficiency of evidence to show.* In a suit by an administrator to recover for services performed by his intestate, the defendant filed his affidavit in support of a motion for a new trial for the purpose of showing that he had a defense. It appeared that the deceased and his brother had both been working for the defendant, and defendant deposed that they told him to keep their account jointly: *Held,* that such a direction could not make them partners, unattended by other circumstances.

3. PAYMENT—*sufficiency of affidavit as to.* The defendant in his affidavit in support of a motion for a new trial, deposed that the deceased, (the suit being by his administrator to recover for his services), directed the defendant to pay the money due him to his brother, and that defendant settled with the brother: *Held,* that the affidavit failed to show payment to the brother. It only showed an adjustment of the amount due; and in that case a mere verbal request to pay the same to the brother, unexecuted, would not bind the parties, and therefore was no bar to a recovery by the administrator.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. MOORE & CAULFIELD, for the appellant.

Messrs. SNOWHOOK & GRAY, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellee commenced an action of assumpsit in the Superior Court of Cook county, as administrator of Daniel O'Brien,

deceased, against appellant. The issues were formed, and the case regularly called, when reached on the docket, for trial; a jury was impanneled and evidence heard, and a verdict was found and a judgment rendered in favor of plaintiff for $450, from which this appeal is prosecuted.

It appears that appellant afterwards, and at the same term, entered a motion for a new trial, and in support of his motion read several affidavits, from which it appears that when the case was called for trial appellant was not present, nor were his counsel in court, and the trial was had *ex parte*. The clerk of appellant's attorney, in his affidavit, swears that he was misled by a conversation with the attorney for appellee on the morning of the day of the trial, in which the attorney promised to call on appellant's counsel as he went to dinner to see them in reference to having appellant produce his books on the trial, and that he, at the same time, expressed the opinion that the case would not be reached before the afternoon. The attorney, in his affidavit, swears he only agreed to call if the case was not reached for trial, and that he expressed no opinion as to when the case would be reached on the docket. This evidence is conflicting, and we are unable to say that the court erred in refusing to set aside the verdict on the ground that appellant's attorneys were surprised. Taking the two affidavits, we are unable to say the evidence preponderates in favor of appellant.

Again, appellant swears that he was misled by an assurance from the attorney of appellee that he should have notice to produce his books when they should be wanted on the trial, and that such notice was not given and he was thus misled. The attorney swears that he had caused a subpœna to be served on appellant at the previous term, to bring his books into court, and the case not being called, he told appellant that he would give him notice to produce the books and have a subpœna issued for him, and he did sue out a subpœna for his attendance at the term the judgment was

rendered. But he denies that he ever promised to give him any other notice. We do not see, from these affidavits, that there is, on this question, a preponderance of evidence in favor of appellant.

Nor do we see, from appellant's affidavit, that there was or that there could have been a partnership existing between deceased and his brother. It appears that they both had worked for appellant, and he says they told him to keep their account jointly. We fail to see that such a direction to the employer could make them partners, unless there were other circumstances attending the transaction. There is nothing to show that the character of the labor was such as to imply a partnership, or that their separate labor was by them to be treated as being performed in partnership; nor is any agreement between them shown that they would depart from the usual course of business, so far as to individually perform labor in partnership. We can see no inducement to form such a partnership. It is not only unusual, but we can see no advantage to accrue by such a partnership, and we think none is shown, and hence the suit was properly brought by the administrator.

Appellant also swears that deceased directed him to pay the money to his brother, and that he had settled with the brother. It will be observed that he does not state that he had paid the money to the brother, but only that he had settled with him. This may mean that they had looked over his books and that the balance was ascertained. It does not seem to imply that payment had been made. And if not, then the mere verbal request, unexecuted, would not bind the parties, and hence would not bar a recovery by the administrator. We do not see that the court below abused the discretion in refusing to grant a new trial. Appellant has failed to show the exercise of proper diligence, and the affidavits do not prove that there was any surprise, and the evidence is by no means satisfactory that appellant has a valid defense.

The evidence heard on the trial and preserved in the bill of exceptions was amply sufficient to warrant the verdict, and the judgment of the court below must be affirmed.

*Judgment affirmed.*